# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8873 | **DATE** | January 18, 2012 |
| **CASE TITLE** | Andre W. Jackson (#2011-061622) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file this suit *in forma pauperis* ("IFP") (Doc [3]) is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. To proceed with this case, Plaintiff must, within 30 days of the date of this Order, 1) submit a completed IFP application or prepay the $350 filing fee, and 2) file an amended complaint. The clerk is directed to mail to Plaintiff an IFP application and an amended civil rights complaint form. The clerk shall also mail a copy of this Order to the Cook County Department of Corrections Sheriff's Office so that, if Plaintiff is in need of current medical attention, jail officials can ensure that such attention is provided.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Andre W. Jackson, an inmate at the Cook County Jail (#2011-061622), has filed this 42 U.S.C. § 1983 action against Sheriff Tom Dart, Dr. Khan, several nurses at the jail, and five or six jail officers. Plaintiff alleges that he entered the jail on June 16, 2011, that he informed the intake officers that he has constant pain in his knees and lower back, and that he was prescribed ibuprofen, granted a lower bunk permit, and provided with crutches. Plaintiff indicates that he had a wheelchair, which he was replaced with crutches. On one occasion, Officer Gansel forced Plaintiff to walk through a long corridor flooded with water. Plaintiff fell, landed hard on the wet concrete, and was taken to Cermak Health Services, where he received x-rays but no pain medication. On other occasions, Nurse Price refused either to provide Plaintiff with a wheelchair to go to and from medical appointments or to push Plaintiff's wheelchair when it was provided to him. Plaintiff further asserts general allegations that Defendants have ignored his medical needs and that his jail division is not wheelchair accessible. *See* Compl. at 4-6.

The Prison Litigation Reform Act requires that all inmates pay the full filing fee. If a plaintiff is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis* ("IFP") and pay the fee in installments. To enable the court to determine if Plaintiff qualifies for IFP status and to assess an initial partial filing fee, his application must include both a certificate from an authorized officer at the facility where he is currently incarcerated and "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's application does not include a copy of his jail trust fund account. To proceed with this case, Plaintiff must submit a completed application with a copy of his trust account for the six-month period before he initiated this suit, or prepay the $350 filing fee, within 30 days of the date of this Order.

| STATEMENT |
|---|

Additionally, although Plaintiff's complaint seeks to allege deliberate indifference claims against the Defendants with respect to his alleged knee and lower back pain and his occasional need for a wheelchair to travel longer distances, his complaint is unclear as to how each Defendant was or is involved in these allegations. The notice pleading requirement of Fed. R. Civ. P. 8(a) requires that a complaint provide enough information to give each Defendant notice of the claim being alleged against him or her and the grounds upon which the claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, legal conclusions, and a formulaic recitation of the elements of a cause of action are insufficient. *Id.* Accordingly, the court dismisses the current complaint without prejudice to Plaintiff submitting an amended complaint that more clearly sets out the grounds of his claim against each Defendant.

The court advises Plaintiff that an amended complaint replaces all previously filed complaints and must stand completely on its own. The court will consider only the amended complaint without reference to earlier versions when determining the claims of, and parties to, this suit. Plaintiff must thus include in his amended complaint all the claims he seeks to raise in this case and all the Defendants he seeks to sue. Additionally, he must submit a judge's copy, as well as a service copy for each named Defendant.

Plaintiff is given 30 days from the date of this Order to both: (1) fulfill the filing fee requirement as discussed above, and (2) submit an amended complaint that sets out what Plaintiff's claims are against each listed Defendant. Plaintiff's failure to comply will result in the summary dismissal of this case. The clerk shall forward an IFP form and an amended civil rights complaint form to Plaintiff.