# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8873 | **DATE** | August 13, 2012 |
| **CASE TITLE** | Andre W. Jackson (#2011-0616122) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Order filed on August 6, 2012 (Doc [17]) is vacated, and is replaced with this Amended Order. The Court reinstates this case. Plaintiff's current motions for leave to file this suit *in forma pauperis* ("IFP") (Docs [13] & [15]) is granted. Plaintiff may proceed with his amended complaint, and the Clerk shall issue summonses for service of the amended complaint (Doc [11]) on Superintendent Bryant, Dr. Kahn, Nurse Judy Price, and Officer Gansel. The U.S. Marshal is appointed to serve these Defendants. The other Defendants are dismissed. Plaintiff's motion for the appointment of counsel (Doc [16]) is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Andre W. Jackson, incarcerated at the Cook County Jail (#2011-061622), has submitted an IFP application and an amended complaint in accordance with this Court's 1/18/12 and 4/20/12 orders. In its 4/20/12 order, the Court explained that this case had been dismissed because Plaintiff failed to timely comply with the Court's 1/18/12 order, and that the Court would not consider reinstating this case unless and until Plaintiff complied with the 1/18/12 order. Plaintiff has submitted both a completed IFP application and an acceptable amended complaint. Accordingly, the Court reinstates this case.

     Plaintiff's IFP application indicates that he cannot pre-pay the $350 filing fee. The court thus grants his IFP motion and assesses an initial partial filing fee of $17.66. The trust fund account officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's account and pay it to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk of Court, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

     As to the amended complaint, Plaintiff has clarified his claims, and preliminary review of the amended complaint indicates that he may proceed against some of the Defendants listed therein. *See* 28 U.S.C. § 1915A. Plaintiff alleges that, in June 2011, he was given a prescription for use of a wheelchair, Vicodin, and a lower bunk. However, he was placed in Division 10, which is not wheelchair accessible and has been forced to use crutches. Superintendent Bryant allegedly is aware of Plaintiff's need for a wheelchair, but has refused to move Plaintiff. On one trip to Cermak Health Services, Plaintiff received a ride on the back of a cart, but for his return, Officer Gansel refused his request for a ride or for use of a wheelchair. Instead, Gansel made Plaintiff traverse a flooded tunnel on crutches. Plaintiff fell and was taken back to Cermak. He received x-rays but no pain medication. Upon reviewing the x-rays, Dr. Kahn stated that Plaintiff was simply suffering from arthritis and directed that Plaintiff be escorted out of the emergency room, despite Plaintiff being unable to get out of bed. Nurse Price allegedly instructed that Plaintiff's status be changed to "wheelchair needed for only long distances" and that Plaintiff could

**STATEMENT**

wheel himself. Such allegations state claims of deliberate indifference to a serious medical need. *See Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006).

Plaintiff also names as Defendants Tom Dart and Cook County, but he neither alleges any personal involvement by Dart nor any unconstitutional policy or custom to support a claim against him in his official capacity or against Cook County. The claims against Dart and Cook County are therefore dismissed. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

The clerk shall issue summons for service of the amended complaint by the U.S. Marshal on Defendants Dr. Kahn, Superintendent Bryant, Nurse Price, and Officer Gansel. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return forms may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve the complaint. If any of the Defendants are no longer employed at the Cook County Jail, officials there shall provide the Marshal with the Defendant's last known address, which shall be used only to effectuate service, and which shall neither be kept in the court file, nor disclosed by the Marshal. The Marshal may mail requests for waivers of service to Defendants pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.

Plaintiff must file all future papers concerning this action with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the Court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to Defendants or their attorney, if one has entered an appearance. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff also seeks appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not demonstrated that he has made a reasonable effort to retain counsel, nor has he averred that he was prevented from doing so. Furthermore, neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claim are so complex or intricate that a trained attorney is necessary at this early stage of the litigation. His motion for appointment of counsel is therefore denied without prejudice.